# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CONNIE DEEMER<br>1591 Newlins Rd. E.<br>Easton, PA 18040<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ALLENTOWN RESCUE MISSION, INC.<br>355 W. Hamilton St.<br>Allentown, PA 18105-0748<br><br>　　　　Defendant. | CIVIL ACTION<br><br>No.:<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, Connie Deemer (*hereinafter* referred to as "Plaintiff"), by and through her undersigned counsel, hereby avers as follows:

### I. Introduction

1. Plaintiff has initiated this action to redress violations by Allentown Rescue Missions, Inc. (*hereinafter* referred to as "Defendant") of Title VII of the Civil Rights Act of 1964 ("Title VII" - 42 U.S.C. §§ 2000e, *et. seq*.) and the Pennsylvania Human Relations Act ("PHRA - 43 Pa. C.S. §§ 951 *et. seq*.).[1] Plaintiff asserts herein that she was unlawfully terminated from her employment with Defendant in violation of these laws and seeks damages as set forth more fully herein.

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes. She is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file her lawsuit in advance of same because of the date of issuance of her federal right-to-sue-letter under Title VII. Plaintiff's PHRA claims however will mirror identically her federal claims under Title VII.

## II.     Jurisdiction and Venue

2.     This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in <u>International Shoe Co. v. State of Washington</u>, 326 U.S. 310 (1945) and its progeny.

3.     This action is initiated pursuant to a federal law. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under laws of the United States.  This Court has supplemental jurisdiction over Plaintiff's future state-law claims because they arise out of the same common nucleus of operative facts as her federal claims herein.

4.     Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5.     Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff has properly exhausted her administrative proceedings under Title VII before initiating this action by timely filing her Charge with the EEOC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

### III.   Parties

6.   The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.   Plaintiff is an adult female who resides at the above-captioned address.

8.   Defendant is a social services organization located at the above-captioned address providing which provides goods and services to homeless and impoverished men.

9.   At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the benefit of Defendant.

### IV.   Factual Background

10.   The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11.   Plaintiff is an adult female.

12.   Plaintiff was hired to work with Defendant on or about April 6, 2015.

13.   Since her hire date in April of 2015, Plaintiff worked as a Controller for Defendant.

14.   Defendant is primarily governed by a Board of Directors (*hereinafter* the "Board" or "Board of Directors), which - not surprisingly - is made up of primarily males (if not all males at this point in time).

15.   While employed with Defendant, Plaintiff observed overt gender discrimination being exhibited by Defendant's Board of Directors, primarily Dean Browning ("Browning"), Stuart Smith ("Smith"), and Thomas Gibson ("Gibson").

16.     The gender-related discrimination that Plaintiff observed while employed with Defendant was not only directed towards her but towards other female employees as well.

17.     For example, Plaintiff witnessed gender-related discriminatory comments as well as gender-biased promotional decisions, strategic decisions, and firing decisions:

   i. Plaintiff was excluded from multiple Board of Directors meetings, which would have been necessary for her to attend in order to properly perform her job duties;

   ii. Plaintiff was disciplined for things that Defendant's male employee would do but not be disciplined for;

   iii. In or about November/December of 2017, as part of several alleged contingencies to get Defendant's budget approved, the Board of Directors voted to remove a female from her role as Director of Operations and demote her into the role Program Director.[2] During the same meeting that the Board of Directors voted to demote the female Director of Operations, they also voted to promote a recently hired male into a higher position;

   iv. Board members expressed objections to having a woman as the President of the Board of Directors;

   v. When a female was slated to take office as President of the Board of Directors in 2017, certain board members began to question her ability to govern due to a conflict of interest, as she worked for a university which provided free health care to homeless men at the shelter. However, upon information a belief, there was a male member of the Board of Directors in

---

[2] This female was then terminated from her employment with Defendants shortly after the announcement of her demotion. Upon information and belief, this female individual had complained of gender discrimination shortly before her termination from Defendants (similar to Plaintiff – discussed *infra*).

4

       the past who had the same supposed conflict as this aforesaid female; however, his abilities as a Board member were never questioned;

  vi. The Board of Directors refused to open the mission to *women* and children;

  vii. During a Board meeting, one of the Board members (Will Hahn) asked if a male or female would be better suited for the Development Manager role, even though a female was already performing and being considered for said role;

  viii. During a Board meeting, Plaintiff suggested that Defendant's management and Board of Directors should be more diverse, including but not limited to promoting or hiring a woman into a management role or on the Board. Plaintiff was chastised for this statement and issued a disciplinary action claiming that she was exhibiting sex discrimination in the workplace; and

  ix. Male Board members were extremely rude and condescending to females, including but not limited to refusing to allow them to speak during Board meetings and/or refusing to include them in Board meetings (as in Plaintiff's case).

18. As a result of the aforesaid discriminatory animus that Plaintiff was being subjected to and observing within the workplace, she expressed concerns of gender discrimination to various members of the Board as well as Defendant's outside legal counsel.

19. For example, on or about December 6, 2017, Plaintiff sent an e-mail to the Board of Directors, including Browning, Smith, and Gibson, as well as Defendant's outside legal counsel, Kim Spotts-Kimmel, giving several examples of gender discrimination and indicating

5

that her "perception is that there is a gender-driven hostile work environment fostered by certain board members."

20. By way of further example, on or about January 25, 2018, Plaintiff again complained of gender discrimination via e-mail when the former Director of Operations (discussed *supra*) was terminated while her own complaint of gender discrimination was - upon information and belief - still pending.

21. Following her complaints of gender discrimination, Plaintiff was instructed in a Memorandum provided to her by Defendant's Board that she was to take any further operational or human resource concerns to Gibson in his role as Interim managing Director – despite the fact the Gibson was one of the individuals she had previously asserted was discriminating against women.

22. On February 21, 2018, Gibson responded to Plaintiff's December 6, 2017 e-mail in a Memorandum. In Gibson's February 21, 2018 Memorandum he (1) refuses to admit that Plaintiff's aforesaid complaint was one of gender discrimination/sexual harassment; (2) downplays Plaintiff's concerns of gender discrimination; (3) fails to indicate that Defendant conducted any investigation or made any steps to resolve her concerns; (4) threatens her with disciplinary action; and (5) reiterates that she is not to discuss any concerns with Defendant's outside counsel but should report any issues to him directly (or another member of the Board if the issue she was complaining of involved him).

23. In addition to the aforementioned Memorandums, Plaintiff was subjected to other forms of retaliation following her complaints of gender discrimination and as result complained of retaliation to various Board members.

24. For example, (1) Plaintiff continued to be excluded from important Board meetings, which interfered with her ability to perform her job duties; (2) Defendant's management/Board began stripping Plaintiff of her job duties and took away her ability to perform her job effectively; (3) issued her a negative performance evaluation; and (4) issued her two pretextual disciplines in one day.

25. Plaintiff continued to complain through April of 2018 that Defendant's management was retaliating against her because of her prior complaint of discrimination/hostile work environment; however, upon information and belief, neither Defendant's management nor Board conducted any investigation into her complaints of discrimination/retaliation and refused to take prompt remedial action.

26. Instead, Plaintiff was ultimately terminated from her employment with Defendant on or about April 27, 2018 for completely pretextual reasons.

27. Plaintiff therefore believes and avers that her termination from Defendant was completely pretextual, as she was terminated (1) after being subjected to multiple forms of hostility and animosity as a result of her gender; (2) shortly following her complaints of gender discrimination and retaliation; and (3) after being bombarded with what cannot be described as anything else other than a paper trail of retaliatory discipline and reprimands.

**First Cause of Action**
**Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")**
**([1] Gender Discrimination [2] Hostile Work Environment & [3] Retaliation)**

28. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

29. Plaintiff was consistently and continuously subjected to demeaning, derogatory and/or discriminatory treatment by Defendant's management and Board of Directors throughout her employment with Defendant (as discussed *supra*).

30. Not only was Plaintiff personally subjected to Defendant's discriminatory treatment but Plaintiff also observed other female employees being subject to the same or similar gender-related discriminatory treatment

31. Plaintiff expressed concerns of gender discrimination on various occasions to Defendant's management, Board of Directors, and outside legal counsel; however, Plaintiff's complaints were never properly investigated or resolved in any meaningful manner.

32. Instead, Plaintiff was subjected to multiple forms of retaliation, including but not limited to pretextual discipline, Memorandums which would dissuade a reasonable person from continuing to complain of discrimination, a negative rating on her performance evaluation, and threats of termination.

33. As a result of the aforesaid retaliatory behavior that Plaintiff was being subjected to following her complaints of gender discrimination, Plaintiff expressed concerns to Defendant's management and Board of Directors that she believe Defendant's aforesaid actions were retaliatory.

34. Plaintiff continued to complain about the aforesaid retaliation by Defendant's management and Board of Directors up and through April of 2018.

35. On or about April 27, 2018, Plaintiff was terminated from her employment with Defendant for completely pretextual reasons.

36. Plaintiff believes and avers that she was subjected to a hostile work environment, issued a negative performance evaluation, issued pretextual disciplinary actions, and ultimately terminated because of her gender and/or because of her complaints of gender discrimination.

37. These actions as aforesaid constitute violations of Title VII.

**WHEREFORE**, Plaintiff prays that this Court enter an order providing that:

A. Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of retaliating against employees and are to be ordered to promulgate an effective policy against such discrimination/retaliation and to adhere thereto;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, bonuses and medical and other benefits. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered discrimination/retaliation at the hands of Defendant until the date of verdict;

C. Plaintiff is to be awarded punitive damages as permitted by applicable law in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct, and to deter Defendant from engaging in such misconduct in the future;

D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to emotional distress/pain and suffering damages - where permitted under applicable law(s)).

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

G.      Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

Ari R. Karpf, Esquire
3331 Street Road
Building 2, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: September 10, 2018

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Connie Deemer | : | CIVIL ACTION |
| v. | : | |
| Allentown Rescue Mission, Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| 9/10/2018 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __1591 Newlins Road East, Easton, PA 18404__

Address of Defendant: __355 West Hamilton Street, Allentown, PA 18105-0748__

Place of Accident, Incident or Transaction: __Defendant's place of business__

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes [ ]  No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes [ ]  No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? Yes [ ]  No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes [ ]  No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __9/10/2018__  _/s/ signature_  __ARK2484 / 91538__
*Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
- [ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
- [ ] 2. FELA
- [ ] 3. Jones Act-Personal Injury
- [ ] 4. Antitrust
- [ ] 5. Patent
- [ ] 6. Labor-Management Relations
- [X] 7. Civil Rights
- [ ] 8. Habeas Corpus
- [ ] 9. Securities Act(s) Cases
- [ ] 10. Social Security Review Cases
- [ ] 11. All other Federal Question Cases
  *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
- [ ] 1. Insurance Contract and Other Contracts
- [ ] 2. Airplane Personal Injury
- [ ] 3. Assault, Defamation
- [ ] 4. Marine Personal Injury
- [ ] 5. Motor Vehicle Personal Injury
- [ ] 6. Other Personal Injury *(Please specify):* _____
- [ ] 7. Products Liability
- [ ] 8. Products Liability – Asbestos
- [ ] 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Ari R. Karpf__, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: __9/10/2018__  _/s/ signature_  __ARK2484 / 91538__
*Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
DEEMER, CONNIE

**DEFENDANTS**
ALLENTOWN RESCUE MISSION, INC.

**(b)** County of Residence of First Listed Plaintiff: Northampton
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Lehigh
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

1. U.S. Government Plaintiff
X 3. Federal Question *(U.S. Government Not a Party)*
2. U.S. Government Defendant
4. Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander |  | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability |  | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine / 368 Asbestos Personal Injury Product Liability |  | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability |  | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 370 Other Fraud | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 480 Consumer Credit |
| 190 Other Contract | 360 Other Personal Injury / 371 Truth in Lending | 720 Labor/Management Relations | 862 Black Lung (923) | 490 Cable/Sat TV |
| 195 Contract Product Liability |  / 380 Other Personal Property Damage |  | 863 DIWC/DIWW (405(g)) | 850 Securities/Commodities/ Exchange |
| 196 Franchise | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 740 Railway Labor Act | 864 SSID Title XVI | 890 Other Statutory Actions |
|  |  | 751 Family and Medical Leave Act | 865 RSI (405(g)) | 891 Agricultural Acts |
|  |  | 790 Other Labor Litigation |  | 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 210 Land Condemnation | 440 Other Civil Rights / **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee |  | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 230 Rent Lease & Ejectment | X 442 Employment / 510 Motions to Vacate Sentence |  |  |  |
| 240 Torts to Land | 443 Housing/ Accommodations / 530 General |  |  | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty |  |  |  |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / **Other:** | **IMMIGRATION** |  |  |
|  |  / 540 Mandamus & Other | 462 Naturalization Application |  |  |
|  | 448 Education / 550 Civil Rights | 465 Other Immigration Actions |  |  |
|  |  / 555 Prison Condition |  |  |  |
|  |  / 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

X 1 Original Proceeding
2 Removed from State Court
3 Remanded from Appellate Court
4 Reinstated or Reopened
5 Transferred from Another District *(specify)*
6 Multidistrict Litigation - Transfer
8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (42USC2000)

Brief description of cause:
Violations of Title VII and the PHRA.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** X Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 9/10/2018

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE